**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Robert Friedman
212.634.3058 direct
rfriedman@sheppardmullin.com

December 12, 2023

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2024

Honorable Jennifer Rearden
Daniel Patrick Moynihan
United States Courthouse
Court Room 12B
500 Pearl Street
New York, New York 10007-1312

The Court grants Plaintiffs' request to maintain the Memorandum, Clean SAC, and Redline SAC under seal and with redactions on the public docket.

SO ORDERED:
1/17/2024
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:   *Presidio, Inc., et al. v. Driven Acquisition, Inc., d/b/a Driven Technologies, et al.*, No. 23-cv-6235 (S.D.N.Y.)

Dear Judge Rearden:

This firm represents the plaintiffs (collectively, "Plaintiffs" or "Presidio") in the above-referenced action and submit this letter-motion pursuant to Rule 9 of Your Honor's Individual Rules and Practices in Civil Cases (hereinafter, "Individual Rule § _") to obtain Court approval to:

i.  maintain under seal Plaintiffs' forthcoming memorandum of law in support of motion to file second amended complaint (the "Memorandum"), proposed second amended complaint (the "Clean SAC"), and redlined version of the proposed second amended complaint (the "Redline SAC"), which will all be filed under seal (pursuant to Individual Rule 9.C.ii) with proposed redactions highlighted (pursuant to Individual Rule 9.C.iii); and

ii. maintain the redacted versions of the Memorandum, Clean SAC, and Redline SAC that will be filed on the public ECF docket, pursuant to Individual Rule 9.C.iii.

Good cause exists for the instant letter motion, as the information in question comprises the very trade secrets that Plaintiffs allege Defendants misappropriated, as well as confidential customer-related information. Indeed, "Courts in this Circuit regularly seal information that might

**SheppardMullin**

Honorable Jennifer Rearden
December 12, 2023
Page 2

disclose trade secrets or confidential business information," *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-CV-08048-MKV, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022), noting that "safeguarding trade secrets can overcome the presumption of access." *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing "emails" that "include[d] sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients"); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving "Plaintiffs' proposed redactions" that were "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (citation and internal quotation marks omitted); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to maintain three exhibits under seal that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting," explaining that the privacy interests of the defendants outweigh the presumption of public access").

This applies with equal force to information that discloses confidential information concerning a party's customers or other business relationships. *See, e.g.*, *Iacovacci*, 2022 WL 101907, at *2 (granting application to seal in a consolidated Rule 56.1 statement "the names of Defendant's past and/or prospective clients, including past and/or prospective investors and transaction counterparties," explaining that this was "business information that might harm a litigant's competitive standing") (citing authorities). By way of very recent example, earlier this

**SheppardMullin**

Honorable Jennifer Rearden
December 12, 2023
Page 3

year, the Court in *Bakemark United States LLC v. Negron*, No. 23-CV-2360 (AT)(BCM), 2023 US Dist LEXIS 85002 (S.D.N.Y. May 15, 2023), granted the plaintiffs' motion to seal or redact an exhibit containing "the names of BakeMark's customers, invoices identifying sensitive customer information[], and screenshots of the system where BakeMark's confidential customer information is stored." *Id.* at *1. The Court explained that, consistent with the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), "courts in this District routinely grant sealing requests when they contain 'sensitive commercial information,'" *id.* (citing *Julian v. MetLife, Inc.*, 2021 U.S. Dist. LEXIS 164910, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021), *leave to appeal denied sub nom. McKinney v. Metro. Life Ins. Co.*, 2021 U.S. App. LEXIS 39696, 2021 WL 7451180 (2d Cir. Dec. 21, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 U.S. Dist. LEXIS 55907, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021)), and determined that the customer-related information at issue qualified as such. *Id.* at *1-2.

As the highlighted, under-seal versions of the Memorandum, Clean SAC, and Amended SAC will show, Plaintiffs are seeking sealing and redaction *only* of the specific trade secrets they claim Defendants misappropriated, as well as confidential customer and other business relationship information, such as the names of customers, customer requirements, and pricing and margin on specific transactions (which are themselves trade secrets). Moreover, Plaintiffs have narrowly tailored their proposed redactions, such that the vast majority of these papers would, if this letter motion is granted, not remain redacted on the public docket.

3

**SheppardMullin**

Honorable Jennifer Rearden
December 12, 2023
Page 4

Pursuant to Individual Rule 9.C.i, Plaintiffs conferred with Defendants in advance of filing this letter motion, but Defendants declined to consent to any sealing.

Accordingly, Plaintiffs respectfully request that the Court grant the instant letter motion for approval to maintain the Memorandum, Clean SAC, and Redline SAC under seal and with redactions on the public docket, respectfully. We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Robert S. Friedman*

Robert S. Friedman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP