```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRESIDIO, INC., et al,

                       Plaintiffs,

        - against -

DRIVEN ACQUISITIONS, INC., et al,

                       Defendants.
------------------------------------------------------------X

23-CV-6235 (JHR) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order addresses the discovery matters raised by the parties at Dkts. 52 and 53. Although the Court previously indicated those matters would be discussed at the end of the most recently held settlement conference, the Court believes that a conference is premature. Accordingly:

      1. **Plaintiffs' Document Requests:** The Court agrees that Plaintiffs' requests are, in some respects, overbroad, but also that Defendants' objections are problematic as Defendants have not indicated what they are willing to produce despite their objections. It is evident to the Court, however, that the parties have not sufficiently met and conferred in good faith. The Court is confident that through meeting and conferring, the parties can agree on parameters for the scope of documents. Accordingly, the parties shall meet and confer to discuss Plaintiffs' requests and Defendants' objections, with the goal of arriving at agreed-upon scope of documents that will be searched for and produced. The parties' discussion presumably will address custodians and search methodologies.

1

2. **Plaintiffs' Request for Inspection of Defendants' Personal Electronic Devices:** The Court agrees that some forensic examination of devices may be warranted depending on further factual development. While Plaintiffs have alleged that the individual Defendants accessed certain information and sent certain information to personal email addresses, they have not yet sufficiently established a sufficient nexus to warrant forensic examination of the individual Defendants' personal devices. They have, however, established a basis for the individual Defendants' searching their personal email accounts for responsive documents. In the event Plaintiffs later establish a sufficient basis, the Court will require the parties to proceed as Plaintiffs have suggested by retaining an independent third party to conduct the forensic inspection.

3. **Two-Tier Protective Order:** The corporate parties are competitors; adequate protection is required for trade secret information, in the event there is in fact any such information. At the same time, such information may need to be disclosed in whole or in part to the corporate and individual Defendants so that they may receive adequate legal advice and representation. Accordingly, the Court will approve a two-tiered protective order based on Dkt. 52-6, subject to the following changes: (i) revise the introductory language of Section 3 to the following: "The person producing any Discovery Material may designate as Attorneys' Eyes Only such portion of such material that it reasonably and in good faith believes comprises or contains information that is highly confidential, limited to:"; (2) revise Section 3(e) to "customer information, including lists of customers, that is not publicly available", and similarly revise Section 3(f) to "consignor information, including lists of consignors, that is not publicly available; or"; (3) include Section 9(b) only if both corporate parties have in-house attorneys; if one corporate party has in-house counsel and the other does not, then delete Section 9(b); (4) add the following to the end

of Section 11: "The parties are on notice that the Court may order a redesignation from Attorney's Eyes Only to Confidential based on need and fairness, and that the Court may impose costs, including attorney's fees, on the unsuccessful party, whether designee or challenger, to a challenged designation.  The Court anticipates these caveats will encourage the parties to be cautious in choosing what to designate as Attorney's Eyes Only, what to challenge, and what to compromise on."  The parties shall file the protective order for entry by January 25, 2024.

The Clerk of Court is respectfully directed to terminate the letter applications at Dkt. 52.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 19, 2024
       New York, New York

Copies transmitted this date to all counsel of record.