**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Robert Friedman
212.634.3058 direct
rfriedman@sheppardmullin.com

February 29, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2024
```

**VIA ECF**

The request to seal is granted.

SO ORDERED:

3/26/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Honorable Magistrate Judge Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

Re: *Presidio, Inc., et al. v. Driven Acquisition, Inc., d/b/a Driven Technologies, et al.*, Case No. 23-cv-6235 (S.D.N.Y.)

Dear Judge Lehrburger:

As Your Honor knows, we represent Plaintiffs Presidio, Inc., Presidio Networked Solutions LLC, and Presidio Networked Solutions Group, LLC (together, "Plaintiffs" or "Presidio") in connection with the above-referenced action and submit this letter-motion pursuant to Section III.G of Your Honor's Individual Rules and Practices in Civil Cases ("Individual Rules") and the Protective Order entered in this action on January 25, 2024 (ECF No. 65) (the "Protective Order") to obtain Court approval to:

    i.    maintain under seal unredacted versions of Plaintiffs' forthcoming letter motion requesting (i) an informal discovery conference, and (ii) entry of an order compelling Defendants to collect the requested custodians' documents and ESI, apply Plaintiffs' proposed search parameters, and produce responsive documents identified after a review of the search term hits and associated families (the "Letter Motion"), and certain exhibits thereto; and

    ii.    maintain the redacted versions of the Letter Motion and certain exhibits thereto that will be filed on the public ECF docket in redacted form.

Good cause exists for the instant letter motion, as the information in question (which Plaintiffs have designated as "Confidential" pursuant to the Protective Order) comprises confidential customer-related information, such as customer and partner names and projects. Indeed, "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-CV-08048-MKV, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022); *see also Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing "emails" that "include[d] sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving "Plaintiffs' proposed redactions" that were "limited to specific

business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (citation and internal quotation marks omitted); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to maintain three exhibits under seal that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting," explaining that the "privacy interests of the defendants outweigh the presumption of public access").

This applies with equal force to information that discloses confidential information concerning a party's customers or other business relationships. *See*, *e.g.*, *Iacovacci*, 2022 WL 101907, at *2 (granting application to seal in a consolidated Rule 56.1 statement "the names of Defendant's past and/or prospective clients, including past and/or prospective investors and transaction counterparties," explaining that this was "business information that might harm a litigant's competitive standing") (citing authorities). By way of very recent example, earlier this year, the Court in *Bakemark United States LLC v. Negron*, No. 23-CV-2360 (AT)(BCM), 2023 US Dist LEXIS 85002 (S.D.N.Y. May 15, 2023), granted the plaintiffs' motion to seal or redact an exhibit containing "the names of BakeMark's customers, invoices identifying sensitive customer information[], and screenshots of the system where BakeMark's confidential customer information is stored." *Id*. at *1. The Court explained that, consistent with the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), "courts in this District routinely grant sealing requests when they contain 'sensitive commercial information,'" *id*. (citing *Julian v. MetLife, Inc*., 2021 U.S. Dist. LEXIS 164910, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021), *leave to appeal denied sub nom*. *McKinney v. Metro. Life Ins. Co*., 2021 U.S. App. LEXIS 39696, 2021 WL 7451180 (2d Cir. Dec. 21, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 U.S. Dist. LEXIS 55907, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021)), and determined that the customer-related information at issue qualified as such. *Id*. at *1-2.

As the under-seal versions of the Letter Motion and exhibits thereto will show, Plaintiffs are seeking sealing and redaction only of confidential customer and other business relationship information, such as the names of customers and partners and project information. Such redactions have been narrowly tailored in accordance with the Protective Order, such that the vast majority of these papers would, if this letter motion is granted, not remain redacted on the public docket. Plaintiffs note that the Court granted a prior application by Plaintiffs to seal substantially similar or identical information. (*See* ECF No. 60.)

Pursuant to the Individual Rules, Plaintiffs' will meet and confer with Defendants' counsel regarding the redacted material and proceed accordingly.

Accordingly, Plaintiffs respectfully request that the Court grant the instant letter motion for approval to maintain the Letter Motion and certain exhibits thereto under seal and with

**SheppardMullin**

Honorable Robert W. Lehrburger
February 29, 2024
Page 3

redactions on the public docket, respectfully.  We thank the Court for its consideration of this matter.

Respectfully submitted,

Robert S. Friedman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4869-9788-7908.3
cc:     All Counsel of Record

3