**CAMPANELLI & ASSOCIATES, P.C.**
ATTORNEYS AND COUNSELORS AT LAW

www.campanellipc.com

1757 Merrick Avenue · Suite 204 · Merrick, New York 11566
Telephone (516)746-1600
Facsimile (516) 746-2611

Andrew J. Campanelli
*Member of NY Bar*

_____
Jean M. Smyth
Patricia Mackreth

*COUNSEL*

George B. McPhillips
*1930-1994*

August 28, 2024

Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Presidio, Inc., et al. v. Driven Acquisition, Inc., d/b/a Driven Technologies, et al.,*
              Civil Case No. 23-cv-6235 (S.D.N.Y.)

Dear Judge Lehrburger:

      As the Court is aware, this office represents the Defendants in the above action. I write to respectfully request a conference with the Court to address several issues with respect to ongoing discovery and Plaintiffs' continuing attempts to avoid scheduling depositions of their witnesses, whose depositions we noticed on February 16, 2024, over six months ago.

      The Court may recall that Plaintiffs initially refused to schedule depositions of their witnesses on the basis that they had served their notices on Defendants first, and insisted on reserving priority on a theory of "first come, first served." At the same time, however, Plaintiffs refused to take Defendants' depositions until document discovery was "complete," which is understandable. Nevertheless, Defendants were, and still are, ready, willing and able to take Plaintiffs' depositions. Plaintiffs' stubborn refusal to cooperate has unnecessarily stalled the conducting of depositions in this case, stalling discovery.

      As mentioned above, Defendants served deposition notices on Plaintiffs on February 16, 2024 – shortly after Plaintiffs served their Second Amended Complaint – and sought to take the depositions of Plaintiffs as soon as possible. This was discussed at the conference with the Court on March 26, 2024, which had been requested by Plaintiffs, who disingenuously complained that Defendants were stalling discovery, all the while refusing to produce their own witnesses for depositions. The new pretext for this refusal was that Defendants had not completed their document production and should not be permitted to take Plaintiffs' depositions until such production was complete. Plaintiffs continued to assert that depositions could not go forward because they had priority, and could not depose Defendants without all the documents. As a result, no one has been deposed.

      Defendants argued that Defendants should be allowed to depose Plaintiffs' witnesses even if discovery was still incomplete, as we believed we had sufficient documents from

Hon. Robert W. Lehrburger<br>
August 29, 2024<br>
Page 2

Plaintiffs to move ahead. Defendants recognized (as did this Court) that Defendants would bear the risk of deposing Plaintiffs without additional documents.

Nevertheless, the Court ordered that Defendants would be permitted to depose Plaintiffs as soon as our electronic document discovery was complete. (ECF Dkt. #79.) The Court further ordered Defendants to complete electronic discovery by April 25, 2024. By April 25, 2024, Defendants produced what we believed to be a full and complete response to Plaintiffs' demands. Consequently, Defendants attempted to schedule depositions of Plaintiffs' witnesses, but to no avail.

We were rebuffed by Plaintiffs (again) when Plaintiffs asserted that there were missing documents and metadata and, therefore, our production was not complete after all. Another conference with the Court followed on June 25, 2024, having again been initiated by Plaintiffs.

Defendants have endeavored to comply with the Order issued by the Court on June 25, 2024, but were hampered by having to conduct additional searches of the Driven email accounts of two of Driven's executives. However, by June 28, 2024 (as ordered by the Court) we provided a substantive response to Plaintiffs' questions about specific metadata categories, and by July 16, 2024, we produced all responsive non-privileged documents from searches of the executives' email accounts, as well as the manifests from the email searches reflecting what we believed to be the complete metadata.

In addition, the individual defendants conducted searches of their personal email accounts. The searches yielded no results for Dan Bello and Sanford Brown. We will prepare affidavits for them to that effect. Andrew Chris located the BNL document and the emails by which he transmitted it – first to himself at home, then back to the original sender at BNL (from his Presidio email) – after having signed it on behalf of Presidio. He found no other documents responsive to Plaintiffs' demands. An affidavit to that effect is being prepared.

On July 22, 2024, after consulting with Plaintiffs' counsel, I created an excel spread sheet reflecting the requested metadata, which I sent to Plaintiffs in response to their assertion that the manifests did not contain all the metadata they sought. Although we do not believe we are obligated to create documents for discovery, we did so in order to assist Plaintiffs' review of our production, and to move the discovery process forward. Also on July 22, 2024, I again requested dates for the depositions of Plaintiffs' witnesses. Again, this was to no avail.

On August 2, I completed the re-review and cross-referencing of the previously produced documents (some of which had been accidently misfiled in our process of downloading them) and sent the resulting documents to Plaintiffs by email.

Per the Court's Order, depositions were to begin on July 17, 2024, without conditions. However, Plaintiffs continued to stonewall, refusing to schedule the depositions of any of their witnesses until we had agreed on a "global deposition schedule." This was just the latest excuse for refusing to produce their witnesses. Oddly, in an about face from their previous representations, Plaintiffs now seek to depose Defendants even though they simultaneously

assert that our document production is still incomplete (which Defendants deny). Moreover, they insist on scheduling the depositions of Defendants' witnesses before they will commit to dates on which they will produce their own witnesses. Indeed, Plaintiffs initially agreed to produce specific witnesses on September 9 and 10. Shortly after agreeing to this, Plaintiffs' counsel offered to produce one witness on September 10, and two witnesses, back-to-back on September 11, a date on which we had indicated that we were not available. Further, Plaintiffs continue to insist on deposing Defendants on days on which we are not available.

Defendants are trying to accommodate Plaintiffs' request, even going so far as to try to reschedule depositions in another matter that are scheduled for September 11, 12 and 13. But Defendants' witnesses are not available on the dates Plaintiffs provided, and Plaintiffs' counsel are not available to depose our clients on the dates our witnesses are available. This past week, the clients have all been away, and we have not been able to reach them to ask for their additional availability. As a result, Plaintiffs continue to refuse to produce their witnesses. This is at least the third excuse for their refusal to produce their witnesses.

In a scenario that is beginning to feel like Ground Hog Day, Plaintiffs' counsel insisted on a meet and confer, which was held on Zoom. He then proceeded to rewrite the entirety of that conversation, attributing to us suggestions that had been made by him. For example, Plaintiffs' counsel sought to schedule two of Plaintiffs' witnesses back-to-back. When we objected to this, Plaintiffs' counsel expressed concern, and accused us of doing an about face on the issue. Plaintiffs' counsel not only claimed that we had agreed to this, but also that we had suggested the back-to-back depositions in the first place. This is an absurd claim. Defendants are entitled to seven hours per witness, and given the number of issues we would need to address with each witness, it is unlikely that we would be able to cover them all in less than seven hours. This is especially true in light of Plaintiffs' insistence, and our agreement, to hold the depositions in their Manhattan office. And this is just one example.

In addition, there are numerous issues we have not yet addressed due to the amount of energy being expended on scheduling depositions and complying with Plaintiffs' document demands. For example, Plaintiffs have refused to produce any documents in connection with the forensic analyses on which they base nearly all of their claims against Defendants, casting it as "expert disclosure." Despite a letter reiterating the request, and explaining that we do not seek "expert disclosure" since the forensic analysis is referred to numerous times in the complaint, Plaintiffs continue to refuse to produce any documents related to the forensic analyses.

We also requested copies of the signed acknowledgement pages from the Employee Handbook, which they claim each of the individual defendants signed. Their excuse for this is that the signed acknowledgement pages had already been produced. When we requested that they identify the "already produced" signed acknowledgement pages by their bates numbers, Plaintiffs' counsel refused, stating that they are not obligated to do so. Eventually, Plaintiffs' counsel admitted that there are no signed acknowledgement pages. Rather, they assert that the Defendants acknowledged the completion of a training in connection with the Handbook by clicking a box on a computer screen. The documents Plaintiffs referred to as already having been produced were printouts of the certificates of completion of those trainings.

Hon. Robert W. Lehrburger
August 29, 2024
Page 4

    Under normal circumstances, we would attempt to resolve these issues without troubling the Court. However, it has reached the point where we are reluctant to agree to any meet and confer that is unrecorded or is not conducted in the presence of the Court or other neutral witness. Plaintiffs' gaslighting is a regular, predictable occurrence, and we are expending wholly unnecessary time and energy responding to Plaintiffs' wildly fictitious versions of our meet and confers.

    Because of this, and Plaintiffs' continued refusal to schedule even one of the noticed depositions, having used at least three different excuses over the course of six months to avoid producing their witnesses, we are in the unfortunate position of needing judicial intervention, again. Accordingly, we respectfully request a discovery conference with the Court.

Respectfully submitted,

*Jean M. Smyth*
Jean M. Smyth
Campanelli & Associates, P.C.
*Attorneys for Defendants*
1757 Merrick Avenue, Suite 204
Merrick, New York 11566

JMS:hs
CC: All parties of record via ECF